**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Judy Cassella, | No. CV 08-1196-PCT-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Mineral Park, Inc., | |
| Defendant. | |

The Court is in receipt of the trial memoranda submitted by each party concerning a potential cap to compensatory and punitive damages.

As the Parties know, pursuant to 42 U.S.C. § 1981a(b)(3), compensatory and punitive damages in employment discrimination cases are capped based on the number of persons employed by the defendant. In its memo, Defendant requests that this Court find that Mineral Park employed fifty-nine (59) people during the relevant time period[1] and, as a result, cap Plaintiff's damages at $50,000.00  See 42 U.S.C. § 1981a(b)(3)(A) (stating that

---

[1] In its Summary Judgment Order, the Court also noted that the Parties had not sufficiently briefed the meaning of "current or preceding calendar year." In its memorandum, Defendant points to authority demonstrating that "[c]ourts consistently have held that the phrase 'current calendar year' refers to the year in which the alleged discrimination occurred." Komorowski v. Townline Mini-Mart & Restaurant, 162 F.3d 962, 965 (7th Cir. 1998) (citing Slack v. Havens, 522 F.2d 1091, 1093 (9th Cir. 1975)). This Court, therefore, adopts that definition and will apply it in this case.

"in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, [damages are capped at] $50,000 ''). In her memo, Plaintiff argues that Defendant has waived its right to invoke the damages cap because it has not produced evidence in compliance with the discovery rules that demonstrates the number of people employed by Mineral Park during the relevant time period.

In its Summary Judgment Order, the Court addressed similar arguments, as Defendant moved for summary judgment on this exact issue. (Doc. 85). The Court held that Defendant had not waived its right to invoke the cap on damages, but that it had failed to produce sufficient evidence for the Court to rule in its favor at summary judgment. (Id. at 16). The Court also stated that the issue of how many people worked for Defendant during the relative time period would be a question for the jury. (Id.).

Having reviewed the Parties new memos and the relevant authority, the Court reaffirms its previous holding that Defendant has not waived its right to invoke the damages cap. Congress included a damage cap in Title VII for a reason, and Plaintiff has not produced countervailing authority suggesting that its application can be waived. In light of a closer review of the statute and applicable case law, the Court will, however, reverse its previous position concerning the role of the jury in applying the damage cap. The damage-cap statute explicitly states the "the court shall not inform the jury of the [damage cap]." 42 U.S.C. § 1981a(c)(2). Additionally, the Court, not the jury, must determine the number of employees employed by the Defendant. Smith v. Norwest Fin. Wyo., 964 F. Supp. 327, 330 (D. Wyo. 1996) ("[B]ecause the number of employees and the law about the statutory caps is not submitted to the jury, Defendants had no duty to present this evidence at trial."). That being said, the Court declines to make a definitive ruling on the damage cap prior to trial. Instead, it will consider the issue of the damage cap in the form of a post-trial motion. Id. ("Paring down the verdict subject to Title VII's damage ceilings is proper on post trial motion.") (citing Sasaki v. Class, 92 F.3d 232, 236 (4th Cir. 1996); Hogan v. Bangor & Aroostook R.R. Co., 61 F.3d 1034, 1037 (1st Cir. 1995)); see also EEOC v. Moser Foods,

1997 U.S. Dist. LEXIS 19798, *8 (D. Ariz. Nov. 7, 1997) (applying the damage cap on post-trial motion).[2]  At that time, the Court will decide if the evidence in the record is sufficient to make a determination concerning number of persons employed by Mineral Park during the current or proceeding year, or if an evidentiary hearing and short period of discovery is both necessary and proper to resolve the issue.  The Court would appreciate, however, if the Parties could make an attempt to resolve this issue on their own, as it suspects that number of persons employed during the relevant time period is a set figure and not really subject to any meaningful dispute.

**Accordingly**

**IT IS HEREBY ORDERED** that any Party wishing to invoke the damage cap under 42 U.S.C. § 1981a(b)(3) must do so in a post-trial motion.

DATED this 20th day of July, 2010.

_____
Mary H. Murgula
United States District Judge

---

[2] It appears from Defendant's memorandum that Defendant attempts to blame Plaintiff for the current dispute by pointing out that Plaintiff did not file a motion to compel an answer to her interrogatory question on the subject, and that Plaintiff did not or ask questions about the number of persons employed by Mineral Park during depositions.  This line of argument is puzzling, as it is Defendant, not Plaintiff, that seeks to evoke the protection of the damage cap.  Given that Defendant is the only party that might benefit from application of the damage cap, the Court can think of no reason why Defendant chose not to formally disclose this information on its own accord during the discovery period.